**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| DIANNE SLADE and ) <br> PORTIA DOUGLAS, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BAYVIEW LOAN SERVICING, LLC, ) <br> ) <br>     Defendant. ) <br> ) | CIVIL ACTION FILE NO. <br> 3:11-cv-00100-CDL |

**DEFENDANT'S BRIEF SUPPORTING ITS MOTION TO DISMISS**

COMES NOW Defendant Bayview Loan Servicing, LLC ("Bayview") and submits this brief supporting its Motion to Dismiss Plaintiff Dianne Slade's[1] ("Plaintiff") "Petition for Declaratory Judgment With Supplemental Jurisdiction and Stay of all State Court Claims & Related State Court Claims Pursuant to 28 U.S.C.A. 1367" ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff fails to state any claim against Bayview upon which relief can be granted. Bayview respectfully shows the Court the following:

---

[1] Although the case is captioned "Dianne Slade/Portia Douglas v. Bayview Loan Servicing, LLC," the Complaint is brought by singular Plaintiff "DIANNE SLADE." (Compl. at 1).

## I.   STATEMENT OF THE CASE

Plaintiff filed the instant action against Bayview on July 27, 2011 to "[s]tay all foreclosure proceedings." (Compl. ¶ 3). Bayview was served on February 13, 2012.[2] Docket Entry [9].

Plaintiff's Complaint seemingly concerns the foreclosure sale of real property located at 420 Anne P Henderson Dr., Social Circle, Walton County, Georgia 30025, originally scheduled for the first Tuesday of August, 2011. (Compl. Ex. "1"). Plaintiff cites 15 U.S.C. § 1692g(b), and alleges that "Defendant has failed to validate the debt as required by the Fairs (sic) Debts (sic) Collection Practices Act[.]" Plaintiff does not, however, allege that she notified Bayview or any "debt collector" that she disputed any debt.

Plaintiff misunderstands the FDCPA and fails to state any claim against Bayview upon which relief can be granted.  Plaintiff's Complaint is almost entirely devoid of factual allegations and fails to give Bayview fair notice of Plaintiff's

---

[2] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Bayview shows that Plaintiff's 120-day service deadline expired in November 2011. Bayview submits its Motion to Dismiss without waiving its right to assert any defense of untimely service.

claims. Bayview respectfully submits that Plaintiff's Complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957)).

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff. *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The Court must also accept all reasonable inferences from plaintiff's alleged facts. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court clarified the notice pleading landscape and articulated the standards for a complainant to

survive a motion to dismiss. The Court noted that although it must accept well-pled facts as true, it need not accept a plaintiff's legal conclusions. *Twombly*, 127 S.Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citations omitted); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

A complaint should be dismissed if the alleged facts do not state a claim for relief that is plausible on the complaint's face. *Twombly*, 550 U.S. 544 (retiring old Rule 12(b)(6) standard in which motion was denied "unless it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *accord Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) ("Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'"). An unsupported "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Twombly*, 500 U.S. at 555.

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (internal citations omitted). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" will not survive a motion to dismiss. *Id.*

Plaintiff is proceeding *pro se*, so her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, nothing excuses a *pro se* plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002). Plaintiff's Complaint fails to meet these minimal pleading standards and fails to allege any facts giving rise to a plausible claim for relief against Bayview.

**B.     Plaintiff Fails to State a Claim Under the FDPCA**

Plaintiff alleges that Defendant "failed to validate the debt as required by the Fairs (sic) Debts (sic) Collection Practices Act" and quotes 15 U.S.C. § 1692g(b) for the proposition that "the debt collector <u>SHALL CEASE COLLECTION OF THE DEBT</u>, or any disputed portion thereof, until the debt collector obtains verification of the debt." (Compl. ¶ 1). Plaintiff concludes that "The Respondent

5

did violate Fair Debts (sic) Collections (sic) Practices Act" and that Bayview has a "legal duty to cease and desist from conducting and (sic) foreclosure proceedings[.]" (Compl. ¶ 3). On a motion to dismiss for failure to state a claim for relief, the "factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief." *Stephens*, 500 F.3d at 1282 (quoting *Twombly*, 550 U.S. at 557). Plaintiff fails to meet this standard and fails to allege any facts giving rise to a claim under the FDCPA. Accordingly, Plaintiff's Complaint should be dismissed. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint…when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."); *see also Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

Congress enacted the FDCPA to (a) stop debt collectors from using abusive debt collection practices; (b) insure that debt collectors who refrain from such practices are not competitively disadvantaged; and (c) promote consistent State action to protect consumers from such practices. 15 U.S.C. § 1692(e). To that end, "[t]he FDCPA imposes liability on 'debt collectors' who fail to comply with its provisions when collecting a 'debt.'" *Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 894-95 (11th Cir. 1997) (citing 15 U.S.C. § 1692k). In order to prevail

on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of consumer debt collection activity; (2) the defendant is a "debt collector" under the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Buckley v. Bayrock Mtg. Corp.*, No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (citing *Beadle v. Haughey,* No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb.9, 2005)).

"Under the FDCPA, if a consumer notifies a debt collector in writing that a debt is disputed, the collector must cease collection of that debt until the debt collector verifies the debt and mails a copy of the verification to the consumer." *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) (per curiam) (citing 15 U.S.C. § 1692g(b)).  Plaintiff alleges that "[t]he Defendant has failed to validate the debt[.]" (Compl. ¶ 1). This bare allegation fails to color a viable claim under 15 U.S.C. § 1692g(b) or any other FDCPA section, as Plaintiff fails to satisfy the three requirements necessary to state a FDCPA claim. First, Plaintiff has not alleged that she has been the object of consumer debt collection activity.[3]  Second, Plaintiff does not sufficiently allege that Defendant is

---

[3] Based on Plaintiff's Exhibit "1", Defendant assumes that Plaintiff is accusing Bayview of initiating foreclosure proceedings despite an alleged "fail[ure] to validate the debt [under the FDCPA][.]"  The United States Court of Appeals for the Eleventh Circuit found that foreclosing on a home is not debt collection for the purposes of the FDCPA's verification provisions.  *See Warren*, 342 Fed. Appx.

a debt collector. Third, Plaintiff does not allege an action or omission prohibited by the FDCPA. The duty to cease debt collection pending verification under section 1692g(b) is triggered if and only if a consumer disputes the subject debt in writing. See 15 U.S.C. § 1692g(b) ("*If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed…the debt collector shall cease collection of the debt…until the debt collector obtains verification of the debt[.]*") (emphasis added). Plaintiff does not allege that she disputed any debt, in writing or otherwise. Plaintiff fails to state any claim under the FDCPA and her Complaint should be dismissed with prejudice.

### III.   CONCLUSION

Plaintiff's Complaint fails to meet the minimal pleading standards of Fed. R. Civ. P. 8(a)(2) and fails to state any possible claim against Bayview. Bayview respectfully requests the Court to dismiss all of Plaintiff's claims with prejudice and grant such other and further relief as the Court deems just and proper.

---

458 (finding that enforcement of mortgage through foreclosure process was not FDCPA debt collection activity); *see also*, *e.g.*, *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) (foreclosing on a home does not qualify as "debt collection" because "foreclosing…is an entirely different path. Payment of funds is not the object of the foreclosure action."); *Beadle v. Haughey*, 2005 WL 300060, at *6 (D. N.H. Feb. 9, 2005) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA.").

RESPECTFULLY SUBMITTED this 17th day of February, 2012.

**PENDERGAST & ASSOCIATES, P.C.**

By:  /s/ Howell A. Hall
     Howell A. Hall
     Georgia Bar No. 318750

Attorneys for Bayview Loan Servicing, LLC

South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, GA 30346
hhall@penderlaw.com
lfiorilla@penderlaw.com
(770) 392-0303